IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LIPPERT COMPONENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:06cv762 |
| | ) | |
| DEXTER AXLE COMPANY, | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant. | ) | |

## ANSWER AND COUNTERCLAIMS

Defendant Dexter Axle Company ("Dexter" or "Defendant") hereby responds to Plaintiff Lippert Components, Inc.'s ("Lippert" or "Plaintiff") Complaint as follows:

### I. ANSWER

1. Dexter admits that paragraph 1 of Plaintiff's Complaint purports to introduce Plaintiff's allegations against Dexter. Dexter denies any remaining allegations in paragraph 1.

### PARTIES

2. Dexter is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 2 of Plaintiff's Complaint, and therefore all such allegations are denied.

3. Dexter admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

### JURISDICTION AND VENUE

4. Dexter admits the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Dexter admits the allegations contained in paragraph 5 of Plaintiff's Complaint.

6. Dexter denies the allegations contained in paragraph 6 of Plaintiff's Complaint.

## PATENT IN SUIT

7. Dexter admits that Exhibit A purports to be a copy of U.S. Patent No. 5,791,715. Dexter is without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 7 of Plaintiff's Complaint, and therefore all such allegations are denied.

8. Dexter is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 8 of Plaintiff's Complaint, and therefore all such allegations are denied.

## COUNT I: PATENT INFRINGEMENT

9. Dexter incorporates its responses to paragraphs 1-8 above as if fully set forth herein.

10. Dexter denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. Dexter denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Dexter denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. Dexter denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. Dexter denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

15. The prayer for relief as set forth in the Complaint following Paragraph 14 does not contain any averments that Defendant is required to either admit or deny under the Federal Rules of Civil Procedure. Alternatively, to the extent that the prayer for relief set forth in the Complaint following Paragraph 14 contains any averments, Defendant denies same.

16. All averments not specifically admitted above are hereby denied.

## II. AFFIRMATIVE DEFENSES

1. Dexter does not make, use, sell, or offer to sell, within the United States, or import into the United States, any products, processes or services that infringe any valid claim of the '715 Patents ("the Patent-in-Suit"), either directly, indirectly, contributorily or otherwise, and has not induced others to infringe any of the Patent-in-Suit.

2. Each of the claims of the '715 Patent are invalid and/or unenforceable under Title 35 of the United States Code, including, but not limited to, the following

    A. 35 U.S.C. § 102, including, but not limited to, the reason that (1) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant; (2) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the filing date of each patent; (3) the inventor abandoned his invention; (4) the invention was first patented by the applicant in a foreign country prior to the filing date of application for patent in this country on an application for patent filed more than twelve months before the filing of the application in this country; (5) the invention was described in another application before the invention by the applicant for this patent; and/or (6) the inventor of this patent did not himself invent the claimed subject matter;

    B. 35 U.S.C. § 103 because the claimed subject matter is obvious in light of the prior art; and/or

    C. 35 U.S.C. § 112 for indefiniteness and/or failure to comply with the written description or other requirements of this section; and/or

    D.    35 U.S.C. §§101 and 112 for inoperability, lack of enablement, and/or lack of utility.

3. Plaintiff is barred from recovery of damages by reason of laches.

4. Plaintiff is estopped from construing any valid or enforceable claim of the Patent-in-Suit to cover or include, either literally or under the doctrine of equivalents, any product, process or service made, used, offered for sale or sold by Dexter.

5. Plaintiff cannot satisfy the requirements for injunctive relief and has an adequate remedy at law.

### III. COUNTERCLAIMS

Defendant/Counter-Plaintiff Dexter, for its counterclaim against Plaintiff/Counter-Defendant Lippert, states as follows:

1. The counterclaim arises under the Declaratory Judgment provisions of 28 U.S.C. §§ 2201 and 2202 and under the Patent Laws of the United States, 35 U.S.C. §1 *et seq.*

2. This Court has jurisdiction over the present counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

### STATEMENT OF FACTS

3. Dexter realleges and incorporates herein by reference its Defenses and Affirmative Defenses, as well as its admissions, if any, in its Answer to the Complaint set forth above.

4. Counter-Plaintiff Dexter is a Delaware corporation having its principal place of business in Elkhart, Indiana.

5. Counter-Defendant Lippert is a corporation organized and existing under the laws of the state of Delaware having its principal place of business in Goshen, Indiana.

6.  On December 13, 2006, Lippert filed the Complaint that is the subject of this action against Dexter.

7.  Lippert has charged Dexter with direct infringement, contributory infringement and inducement to infringe the Patent-in-Suit, allegations that Dexter denies. Dexter further asserts that the '715 Patent, and each asserted claim therein, is invalid, and/or unenforceable.

8.  An actual and justiciable controversy exists between Dexter and Lippert with respect to the alleged infringement, invalidity and/or unenforceability of the claims in the '715 Patent.

9.  On information and belief, Dexter has not infringed and is not infringing any claim in the '715 Patent.

10. Each of the claims of the '715 Patent are invalid and/or unenforceable under Title 35 of the United States Code, including, but not limited to, the following:

> E.  35 U.S.C. § 102, including, but not limited to, the reason that (1) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant; (2) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the filing date of each patent; (3) the inventor abandoned his invention; (4) the invention was first patented by the applicant in a foreign country prior to the filing date of application for patent in this country on an application for patent filed more than twelve months before the filing of the application in this country; (5) the invention was described in another application before the

invention by the applicant for this patent; and/or (6) the inventor of this patent did not himself invent the claimed subject matter;

F. 35 U.S.C. § 103 because the claimed subject matter is obvious in light of the prior art; and/or

G. 35 U.S.C. § 112 for indefiniteness and/or failure to comply with the written description or other requirements of this section; and/or

H. 35 U.S.C. §§101 and 112 for inoperability, lack of enablement, and/or lack of utility.

## FIRST COUNTERCLAIM FOR RELIEF - DECLARATORY JUDGMENT

11. Dexter incorporates by reference the allegations in paragraphs 1 through 10, inclusive.

12. Dexter requests declaratory judgment of invalidity, unenforceability and/or non-infringement of any and all claims of the '715 Patent.

## REQUEST FOR RELIEF

WHEREFORE, Dexter respectfully prays that:

A. That Plaintiff take nothing from its purported claims for relief against Defendants alleging infringement (including inducement of infringement or contributory infringement) of the '715 Patent;

B. That this Court declare that Dexter has not infringed any claim of the '715 Patent, and that each claim of the '715 Patent, and each claim thereof, is invalid, void and unenforceable;

C. That this Court declare that this case is exceptional pursuant to 35 U.S.C. § 285 and award to Dexter its attorneys' fees, costs and expenses incurred in this action; and

D.  That Plaintiff's claims be dismissed with prejudice;

E.  That all relief requested by Plaintiff be denied; and

F.  That this Court grant such other and further relief to Dexter as this Court may deem just and equitable and as the Court deems appropriate and necessary.

## JURY DEMAND

Dexter demands a trial by jury of any issue triable of right by a jury.

Dated: February 26, 2007

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: _____
Donald J. Detweiler (#3087)
Titania R. Mack (#4120)
The Nemours Building
1007 North Orange Street
Suite 1200
Wilmington, Delaware 19801
302-661-7000 - Telephone
302-661-7360 - Facsimile

*Attorneys for Defendant Dexter Axle Company*

OF COUNSEL:

George G. Matava
Brian A. Carpenter
Stephen B. Perkins
GREENBERG TRAURIG LLP
1200 Seventeenth St., Suite 2400
Denver, Colorado 80202
(303) 572-6500 - Telephone
(303) 572-6540 – Facsimile

DEL-FS1\166551v01\2/26/07

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIPPERT COMPONENTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-762 |
| ) | |
| DEXTER AXLE COMPANY, ) | |
| ) | DEMAND FOR JURY TRIAL |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I, Titiania R. Mack, being duly sworn according to law, deposes and says that she is employed by Greenberg Traurig, LLP, which is counsel for Defendant, Dexter Axle Company, for the above-captioned action, and that on the 26th day of February 2007, she caused copies of the *Answer and Counterclaims* to be served upon the party listed below via Hand Delivery.

Thomas C. Grimm, Esq.
Leslie A. Polizoti, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801

Dated: February 26, 2007

_____
Titania R. Mack (#4120)
GREENBERG TRAURIG, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
302-661-7000 - Telephone
302-661-7360 - Facsimile