IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIPPERT COMPONENTS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-762-JJF |
| | ) |
| DEXTER AXLE COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**STIPULATION AND ORDER FOR SUBSTITUTION OF PARTIES**

IT IS HEREBY STIPULATED and agreed by counsel for the parties, Plaintiff Lippert Components, Inc. ("Lippert") and Defendant Dexter Axle Company ("Dexter Axle"), subject to the approval of the Court, as follows:

1. Lippert filed this action for patent infringement against Dexter Axle on or about December 13, 2006.

2. Dexter Axle filed its Answer and Counterclaims on or about February 26, 2007.

3. Lippert filed its Reply to Dexter's counterclaims on or about March 12, 2007.

4. Dexter Axle is a Delaware corporation and wholly-owned subsidiary of Tomkins Industries, Inc., also a Delaware corporation. Tomkins Industries, Inc. is wholly owned, through an additional series of non-public entities, by Tomkins PLC ("Tomkins"), a public company organized under the laws of the United Kingdom.

5. Dexter Chassis Group, Inc. ("Dexter Chassis") is a Michigan corporation and wholly-owned subsidiary of Dexter Axle Acquisition Corporation ("DAAC"), a Delaware corporation and wholly-owned subsidiary of Tomkins Industries, Inc.

6. Dexter Axle represents that Dexter Chassis is the proper party to the above-captioned action and, based upon that representation, shall be substituted for Dexter Axle as the defendant in the action.

7. Dexter Axle is hereby dismissed without prejudice as a party to the above-captioned action.

8. Lippert shall have the opportunity to conduct limited discovery on the issue of whether Dexter Axle is a proper party to this action. Notwithstanding any scheduling order in the case, if upon the conclusion of such discovery Lippert reasonably believes that Dexter Axle is a proper party to the action, the parties agree to re-join Dexter Axle as a defendant in the action.

9. Dexter Axle reserves and retains all rights to seek any and all remedies to which it may be entitled should it be re-joined, and should it be ultimately proven that Dexter Axle is not a proper party to this action.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | GREENBERG TRAURIG, LLP |
|---|---|
| */s/ Thomas C. Grimm* | */s/ Titania R. Mack* |
| Thomas C. Grimm (#1098) | Donald J. Detweiler (#3087) |
| Leslie A. Polizoti (#4299) | Titania R. Mack (#4120) |
| 1201 North Market Street | The Nemours Building |
| P.O. Box 1347 | 1007 North Orange Street |
| Wilmington, DE 19899-1347 | Suite 1200 |
| 302.658.9200 | Wilmington, DE 19801 |
| tgrimm@mnat.com | 302.661.7000 |
| lpolizoti@mnat.com | detweilerd@gtlaw.com |
| | mackt@gtlaw.com |

- 3 -

| | |
|---|---|
| OF COUNSEL: | OF COUNSEL: |
| Dean A. Monco<br>Brad R. Bertoglio<br>WOOD PHILLIPS<br>500 West Madison Street<br>Suite 3800<br>Chicago, IL  60661-2562<br>312.876.1800 | George G. Matava<br>Brian A. Carpenter<br>Stephen B. Perkins<br>GREENBERG TRAURIG, LLP<br>1200 Seventeenth St., Suite 2400<br>Denver, CO  80202<br>303.572.6500 |
| *Attorneys for Plaintiff*<br>*Lippert Components, Inc.* | *Attorneys for Defendant*<br>*Dexter Axle Company* |

Dated:  May 31, 2007

SO ORDERED, this ___ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE

843795