IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LIPPERT COMPONENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-762-JJF |
| | ) | |
| DEXTER CHASSIS GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT MOTION TO ENTER STIPULATED ORDER CONCERNING
## THE CONSTRUCTION OF UNDISPUTED CLAIM TERMS

Plaintiff Lippert Components, Inc. ("LCI") and Defendant Dexter Chassis Group ("Dexter") hereby jointly move the Court for entry of a Stipulated Order Concerning the Construction of Undisputed Claim Terms, a form of which is being submitted herewith. In support of their motion, the parties state as follows:

1.      On June 22, 2007, the Court entered a Rule 16 Scheduling Order (D.I. 21) in the above-captioned matter.  In Section 7 of the Scheduling Order, which sets out the Markman procedures for this case, the Court directed the parties to exchange proposed constructions of disputed terms, and subsequently confer to determine whether any proposed constructions can be agreed upon.  The Court then requested that the parties' subsequent Markman briefs be directed to any remaining disputed terms.

2.      As a result of conferences held amongst the parties pursuant to the Court's Markman procedures, the parties have come to agreement as to the proper construction of several claim terms.  Accordingly, the parties hereby move the Court for entry of a Stipulated Order concerning the agreed construction of those claim terms.  A form of order, stating the agreed constructions, is attached hereto as Exhibit A.

3.      Pursuant to the Scheduling Order, the parties will address the construction of the remaining disputed terms separately, in their respective opening and response briefs.

WHEREFORE, Plaintiff LCI and Defendant Dexter respectfully request that the Court enter the attached Stipulated Order.


MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Thomas C. Grimm*
_____
Thomas C. Grimm (#1098)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
tgrimm@mnat.com
*Attorneys for Plaintiff*


OF COUNSEL:

Dean A. Monco
Brad R. Bertoglio
WOOD PHILLIPS
500 West Madison Street
Suite 3800
Chicago, IL  60661-2562
(312) 876-1800

September 14, 2007
1234632

GREENBERG TRAURIG LLP

*/s/ Donald J. Detweiler*
_____
Donald J. Detweiler (#3087)
Titanai R. Mack (#4120)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE  19801
(302) 661-7000
detweilerd@gtlaw.com
mackt@gtlaw.com
*Attorneys for Defendant*


OF COUNSEL:

George G. Matava
Brian A. Carpenter
Stephen B. Perkins
GREENBERG TRAURIG LLP
1200 17th Street, Suite 2400
Denver, CO  80202
(303) 572-6500

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LIPPERT COMPONENTS, INC.,     )
                           )
      Plaintiff,         )
                           )
     v.                 )     C.A. No. 06-762-JJF
                           )
DEXTER CHASSIS GROUP, INC.,    )
                           )
      Defendant.     )

## STIPULATED ORDER CONCERNING THE
## CONSTRUCTION OF UNDISPUTED CLAIM TERMS

At Wilmington, this ____ day of _____, 2007, pursuant to stipulation of the parties

as to the proper construction of certain terms appearing in the claims of United States Patent

No. 5,791,715 ("the '715 patent"),

**IT IS HEREBY ORDERED** that for the purposes of the United States Patent at issue in

this case, the following terms and phrases are construed as follows:

1.     The phrase "means mounted proximate a first end of said stationary member for

engaging the upper surface of the sill of the slide-out room opening and supporting said first end

of said stationary member thereby" as used in claims 1, 17 and 18 of the '715 patent, is a means-

plus-function limitation that shall be construed under 35 U.S.C. § 112, ¶ 6.  The phrase shall

interpreted to require structure that performs the following function: "engaging the upper surface

of the sill of the slide-out room opening and supporting said first end of said stationary member

thereby."  The phrase further requires that these functions be performed by one of the following

structures:  "a threshold or support bracket that comprises (1) a web having an outer lip and a

depending leg, as shown in Figure 6; or (2) a flange; or (3) an angle iron; or equivalents thereof."

2.    The phrases "drive means secured to said stationary member for slidably advancing said moveable member relative to said stationary member" and "drive means secured to said stationary member for slidably advancing said moveable member relative to said rail" as used in claims 3 and 9 of the '715 patent, are means-plus-function limitations that shall be construed under 35 U.S.C. § 112, ¶ 6. The phrases shall be interpreted to require structure that performs the following function: "slidably advancing said moveable member relative to said stationary member/rail." The phrases further require that this function be performed by one of the following structures: "secured to the stationary member/rail, one of the following: (1) an electric motor, transmission, drive shaft assembly, spur gears and rack gears; or (2) a hydraulic piston; or (3) a chain drive; or (4) a screw gear; or (5) a scissor jack; or (6) manual force; or equivalents thereof."

3.    The terms "threshold bracket" and "support bracket" as used in the claims of the '715 patent, are synonymous, and shall otherwise receive their plain and ordinary meaning without requiring further interpretation by the Court.

4.    The term "rail" as used in the claims of the '715 patent, means "tubing or bar shaped structure."

_____

UNITED STATES DISTRICT JUDGE

1234695