IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIPPERT COMPONENTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-762-JJF |
| ) | |
| DEXTER CHASSIS GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

### STIPULATED ORDER CONCERNING THE
### CONSTRUCTION OF UNDISPUTED CLAIM TERMS

At Wilmington, this _18_ day of _September_ 2007, pursuant to stipulation of the parties as to the proper construction of certain terms appearing in the claims of United States Patent No. 5,791,715 ("the '715 patent"),

**IT IS HEREBY ORDERED** that for the purposes of the United States Patent at issue in this case, the following terms and phrases are construed as follows:

1. The phrase "means mounted proximate a first end of said stationary member for engaging the upper surface of the sill of the slide-out room opening and supporting said first end of said stationary member thereby" as used in claims 1, 17 and 18 of the '715 patent, is a means-plus-function limitation that shall be construed under 35 U.S.C. § 112, ¶ 6. The phrase shall interpreted to require structure that performs the following function: "engaging the upper surface of the sill of the slide-out room opening and supporting said first end of said stationary member thereby." The phrase further requires that these functions be performed by one of the following structures: "a threshold or support bracket that comprises (1) a web having an outer lip and a depending leg, as shown in Figure 6; or (2) a flange; or (3) an angle iron; or equivalents thereof."

2.  The phrases "drive means secured to said stationary member for slidably advancing said moveable member relative to said stationary member" and "drive means secured to said stationary member for slidably advancing said moveable member relative to said rail" as used in claims 3 and 9 of the '715 patent, are means-plus-function limitations that shall be construed under 35 U.S.C. § 112, ¶ 6. The phrases shall be interpreted to require structure that performs the following function: "slidably advancing said moveable member relative to said stationary member/rail." The phrases further require that this function be performed by one of the following structures: "secured to the stationary member/rail, one of the following: (1) an electric motor, transmission, drive shaft assembly, spur gears and rack gears; or (2) a hydraulic piston; or (3) a chain drive; or (4) a screw gear; or (5) a scissor jack; or (6) manual force; or equivalents thereof."

3.  The terms "threshold bracket" and "support bracket" as used in the claims of the '715 patent, are synonymous, and shall otherwise receive their plain and ordinary meaning without requiring further interpretation by the Court.

4.  The term "rail" as used in the claims of the '715 patent, means "tubing or bar shaped structure."

                                               _____
                                               UNITED STATES DISTRICT JUDGE

1234695