## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LIPPERT COMPONENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:06cv762 (JJF) |
| v. | ) | |
| | ) | |
| DEXTER CHASSIS GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and stipulation of the parties,

**IT IS HEREBY ORDERED** that this Protective Order shall govern the handling of any and all materials and information produced or disclosed by any party or non-party ("the Producing Party") to any party (the "Receiving Party") in this Action, including documents, electronically stored information, depositions, deposition exhibits, written discovery requests and their responses, and pretrial and trial testimony (which information shall hereinafter be referred to as "Discovery Material").

1.      Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Protective Order if such party believes in good faith that such Discovery Material contains non-public confidential, proprietary, commercially sensitive, or trade secret information.

2.    Any Producing Party may designate any Discovery Material as "Attorneys' Eyes Only" under the terms of this Protective Order if such Discovery Materials contains especially sensitive business or technical information and it falls into at least one of the following categories:

(a)    products that have not been publicly disclosed or offered for sale;

(b)    methods of manufacture that have not been publicly disclosed;

(c)    product development information for trade secret products that have not been publicly disclosed;

(d)    non-aggregated information concerning specific sales to specific customers;

(e)    costs of production or marketing relating to any product;

(f)    profit calculations;

(g)    supplier information;

(h)    employee rosters and employee wages;

(i)    future financial plans;

(j)    future business plans, sales projections, or marketing plans;

(k)    sources of financing for either party;

(l)    licenses, contracts, or other agreements subject to confidentiality between or among the parties to the agreement; and

(m)    information received or exchanged in confidence with third parties, including customers and prospective customers.

3.    Absent a specific order by the Court, once designated as "Confidential" or "Attorneys' Eyes Only," such documents, materials, items and/or information shall be used by

the party or party's outside counsel solely in connection with this litigation, and not for any business, personal, competitive, governmental, or other purpose or function, and such information shall not be disclosed to anyone except as provided here.

4.    Parties receiving Discovery Materials designated as "Confidential" may disclose those Discovery Materials and information in them only to:

   a.    the Court and Court personnel whose duties require access to this information;

   b.    outside counsel of record in this lawsuit, and the paralegal, clerical and secretarial staff employed by such counsel and working under the direct supervision of such counsel;

   c.    outside experts and/or consultants retained by the parties or their counsel in connection with this litigation, whether or not retained to testify at trial, only to the extent necessary to perform such work; and

   d.    any other person that the parties agree to in writing.

5.    Parties receiving Discovery Materials designated as "Attorneys' Eyes Only" may disclose those Discovery Materials, and the information within, only to the persons identified in paragraph 4.

6.    If a party receiving Confidential and/or Attorney's Eyes Only Documents wishes to disclose such documents to any of the person identified in paragraphs 4.c., 4.d, then it shall identify such person and give five (5) business days advance notice of the disclosure to all parties. If none of the parties object to such disclosure, the receiving party may disclose to the person identified any Confidential and/or Attorney's Eyes Only Discovery Material. In addition, prior to disclosure of any Confidential and/or Attorney's Eyes Only Discovery Material to any

person identified in paragraphs 4.c. and/or 4.d, such person shall execute a copy of Exhibit A to this Protective Order to show his or her agreement to be bound by the terms herein.

7.     Entering into, agreeing to, and/or producing or receiving information or material designated as "Confidential" or "Attorneys' Eyes Only" or otherwise complying with the terms of this protective order shall not:

a.     operate as an admission by any party that any particular information or material designated as "Confidential" or "Attorneys' Eyes Only" contains or reflects trade secrets, proprietary and/or commercially sensitive information, or any other type of confidential information;

b.     prejudice in any way the rights of the parties to object to the production of documents that they consider not subject to discovery;

c.     prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

d.     prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order; or

e.     prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly "Confidential" or "Attorneys' Eyes Only" information.

8.     If a Producing Party inadvertently discloses Discovery Material containing Confidential information without designating it as Confidential or Attorneys' Eyes Only, the Receiving Party may disclose it to others until notified of the inadvertent disclosure. Once

notified that the Discovery Materials should have been designated as Confidential Information or Attorneys' Eyes Only, the Receiving Party must treat the Discovery Materials as timely designated. The Receiving Party must make a good faith effort to retrieve all copies of the Discovery Materials that were disclosed by the receiving party to persons unauthorized to have access thereto under this Protective Order.

9.      If information subject to a claim of attorney-client privilege, attorney work product immunity or any other legal privilege protecting information from discovery is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product immunity or other ground for withholding production to which the Producing Party or other person otherwise would be entitled.  If a written claim of inadvertent production is made pursuant to this paragraph, with respect to the information then in the custody of another party, upon receipt of such written notice, such party promptly shall return to the Producing Party or person that material and all copies or reproductions thereof of which the Receiving Party is aware in whatever form these materials exist.  The party returning such material may subsequently move the Court for an Order compelling production of the material, but such motion shall not rely upon in any manner or assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

10.     If any party files with the Court documents containing information designated Confidential or Attorneys' Eyes Only, it must file the Documents in a sealed envelope prominently displaying the following legend:

## CONFIDENTIAL UNDER PROTECTIVE ORDER

**This envelope which is being filed under seal contains documents that are subject to a Protective Order entered ___, 2007 governing use of Confidential and Attorneys' Eyes Only Documents**

All Confidential and Attorneys' Eyes Only Documents filed with the Court shall be maintained separately from the public records in this litigation and shall be released only upon further Order of the Court.  Pursuant to the Electronic Case Filing CM/ECF filing rules of the United States District Court for the District of Delaware, the party filing a sealed document with the Court shall file electronically a public version of any sealed document, redacting only the Confidential and Attorneys' Eyes Only information, within five (5) business days of the filing of the sealed document. No Confidential Information or Attorneys' Eyes Only information will be disclosed in any evidentiary hearing in this matter absent advance written notice to the producing party.

A party shall not be obligated to challenge the propriety of a Confidential or Attorneys' Eyes Only designation at the time made.  If at any time a party objects to a designation of a Document as "Confidential" or "Attorneys' Eyes Only," the objecting party shall so notify the designating party in writing. A notice setting forth any such objection shall identify the information in question, and shall specify in reasonable detail the reason or reasons for the objection. The parties shall promptly attempt to resolve the dispute in good faith, on an informal basis.  If no resolution is reached, the party opposing the designation may move the Court for a ruling on the continued status of the information. The designated status of the information shall be maintained until an Order by the Court deeming that the documents or information are not subject to this Protective Order.  If objection to Documents being designated as "Confidential" or "Attorneys' Eyes

Only" is not made within thirty (30) days after the close of fact and expert discovery in this litigation or prior to the parties entering an agreement to settle this litigation, the right to make such objection under this paragraph 10 shall be deemed waived.

11.    Any person may be examined as a witness at a hearing, trial or deposition concerning any Confidential or Attorneys' Eyes Only information which that person had lawfully received or generated independently of this lawsuit.  During examination, a witness may see any document identified as Confidential or Attorneys' Eyes Only that appears on the face of the document or from other documents or testimony to have been previously received by, communicated to or generated by that witness in the ordinary course of the witness' business activity.  A person being examined who is asked a question (1) for which the answer requires the disclosure of Confidential and/or Attorneys' Eyes Only Information, or (2) which involves an exhibit that has been designated Confidential or Attorneys' Eyes Only, shall answer the question fully and completely, subject to other objections or instructions asserted by counsel.  Prior to answering such a question or introducing such an exhibit, however, all persons, other than the witness, who are not permitted exposure to Confidential or Attorneys' Eyes Only Information pursuant to this Protective Order shall leave the room during the time Confidential or Attorneys' Eyes Only Information is disclosed or discussed.  Counsel for the witness or Producing Party may designate, on the record, the portion of the deposition which contains Confidential or Attorneys' Eyes Only information.  Alternatively, or in addition, counsel for the designating party may, within ten (10) business days after receipt of the testimony transcript (and videotape as applicable), notify all other counsel, on the record or in writing, that the information disclosed has been designated as Confidential or Attorneys' Eyes Only Information. Those portions of the transcript that are so designated shall be filed separately and under seal with the Court whenever

the transcript is so filed. To facilitate such designations, unless otherwise agreed to in writing by the designating party, all deposition transcripts shall be treated as though the entire transcript has been designated as Attorneys' Eyes Only until ten (10) business days after receipt of the transcript.  The parties may modify this procedure for any particular deposition or proceeding without further order of the Court, either by agreement on the record at such deposition or proceeding, or by written stipulation.

12.     Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the party providing the Confidential or Attorneys' Eyes Only Information consents to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

13.     The restrictions on the use and disclosure of Confidential and Attorneys' Eyes Only Information contained herein shall not apply to such information which any Receiving Party can show :

a.     at the time of disclosure to the Receiving Party such information was available to the public;

b.     after the disclosure to the Receiving Party, the information becomes available to the public through no fault of the Receiving Party (including the officers or employees of the corporate party); or

c.     was disclosed to the Receiving Party without any obligation of confidentiality by someone not a party to this action who was in lawful possession of such information.

14.     Nothing in this Protective Order shall prevent disclosure as required by law or compelled by order of Court. If any third party moves to compel a party to this action to produce any Discovery Materials designated as Confidential or Attorneys' Eyes Only, such party shall

immediately notify the Producing Party that a motion has been made in order to allow the Producing Party the opportunity to oppose the motion. In addition, if a party is ordered to produce Discovery Materials covered by this Protective Order, notice and, if available, a copy of the order compelling disclosure shall immediately be given to the Producing Party.

15.     The provisions of this Protective Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion or termination of this action, including without limitation any appeals therefrom. Within sixty (60) days after receiving notice of the entry of an order or decree finally disposing of this action, including any appeals or settlement, all persons having received information or Documents designated as "Confidential" or "Attorneys' Eyes Only" shall return such materials and all copies thereof, however stored (including summaries and excerpts), to counsel for the Producing Party, or shall destroy all copies of such information and materials and provide written certification to counsel for the producing party that all such information or material has been destroyed. In the event of settlement or final disposition of this action, counsel for the parties shall retrieve copies of all documents designated "Confidential" or "Attorneys' Eyes Only" previously sent to their experts or any other person and return such documents to counsel for the Producing Party within sixty (60) days after receiving notice of the entry of the order, stipulation, judgment or decree finally disposing of this action, or provide to counsel for the Producing Party a written certification from their expert(s) or other person(s) who received such documents that all such information or material has been destroyed. Counsel for the parties shall be entitled to retain Court papers, hearing transcripts, and attorney work-product (including pleadings, motions, and hearing transcripts, and attorney work-product that contain information or material designated "Confidential" or "Attorneys' Eyes Only") provided that such counsel, and

employees of such counsel, shall not disclose any information or material designated as "Confidential" or "Attorneys' Eyes Only" to any person or entity. All Documents, materials, items and/or information returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

By signing below, the parties hereto agree to the terms set forth herein.

Dated:_____

_____
The Honorable Judge Joseph J. Farnan, Jr.

**AGREED TO:**

*/s/ Thomas C. Grimm*

_____
Thomas C. Grimm (#1098)
Leslie A. Polizoti (#4299)
MORRIS, NICHOLS, ARSHT
    & TUNNELL, LLP
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
(302)658-9200


Dean A. Monco
Brad R. Bertoglio
WOOD PHILLIPS KATZ
CLARK & MORTIMER
500 W. Madison
Suite 3800
Chicago, Illinois 60661-2562
(312)876-1800

Attorneys for Plaintiff,
Lippert Components Inc.

*/s/ Donald J. Detwiler*

_____
Donald J. Detwiler (#3087)
Titania R. Mack (#4120)
GREENBERG TRAURIG, LLP
The Nemours Building
1007 North Orange Street
Suite 1200
Wilmington, Delaware 19801
(302)661-7000


George G. Matava
Brian A. Carpenter
Stephen B. Perkins
GREENBERG TRAURIG, LLP
1200 Seventeenth Street
Suite 2400
Denver, Colorado 80202
(302)576-6500

Attorneys for Defendant,
Dexter Chassis Group, Inc.

1258805

**EXHIBIT A**
**TO PROTECTIVE ORDER**

I, _____, declare under penalty of perjury that:

My address is_____, and the address of my present employer is

_____.

My present occupation is_____.

I have received a copy of the Protective Order entered in this action.

I have read and understood the provisions of the Protective Order and agree to be bound

by it.

I agree that I will return all Confidential and/or Attorneys' Eyes Only Information

disclosed to me during the course of the proceedings to counsel for the party by whom I am

employed, retained or called as witness by upon the termination of the proceedings or the request

of said counsel.


Dated: _____          _____