IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LIPPERT COMPONENTS, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 1:06-762 - JJF |
| DEXTER CHASSIS GROUP, INC., | ) ) ) | |
| Defendant. | ) | |

## NOTICE OF SERVICE OF SUBPOENA

PLEASE TAKE NOTICE that true and correct copies of the attached Subpoena directed to Kent R. Erickson were served on September 27, 2007 as evidenced by the attached Proof of Service.

DATED: October 18, 2007

By: /s/ Titania Mack
Donald J. Detweiler (#3087)
Titania R. Mack (#4120)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
302-661-7000 - Telephone
302-661-7360 - Facsimile
detweilerd@gtlaw.com
mackt@gtlaw.com

Attorneys for the Defendant

## CERTIFICATE OF SERVICE

I, Titiania R. Mack, being duly sworn according to law, deposes and says that she is employed by Greenberg Traurig, LLP, which is counsel for Defendant, Dexter Axle Company, for the above-captioned action, and that on the 18th day of October 2007, she caused copies of the *Notice of Service of Subpoena* to be served upon the parties listed below in the manner indicated.

| HAND DELIVERY | VIA FIRST CLASS MAIL |
|---|---|
| Thomas C. Grimm, Esq.<br>Leslie A. Polizoti, Esq.<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 N. Market Street<br>Wilmington, DE 19801 | Dean A. Monco, Esq.<br>WOOD PHILLIPS<br>500 West Madison Street<br>Suite 3800<br>Chicago, IL 60661-2562 |

Dated: October 18, 2007

/s/ Titiania R. Mack
Titiania R. Mack (#4120)
GREENBERG TRAURIG, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
302-661-7000 - Telephone
302-661-7360 - Facsimile
detweilerd@gtlaw.com
mackt@gtlaw.com

Attorneys for the Defendant

2

# United States District Court
## WESTERN DISTRICT OF MISSOURI

LIPPERT COMPONENTS, INC.,

      Plaintiff and Counterclaim-Defendant,

v.

DEXTER CHASSIS GROUP, INC.,

      Defendant and Counterclaim-Plaintiff.

**SUBPOENA IN A CIVIL CASE**

C.A. No. 1:06cv762-JJF
United States District Court
District of Delaware

**TO:** Kent R. Erickson
Erickson & Kleypas, LLC
Plaza Center Building
800 West 47th Street, Suite 401
Kansas City, Missouri 64112

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case. The deposition will be videotaped.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  | |

■ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects): See Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| METROPOLITAN COURT REPORTERS<br>9200 Indian Creek Parkway, Suite 205<br>Overland Park, KS 66210<br>(800) 748-7511 | October 12, 2007, at 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises date and time specified below:

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Defendant | 9/26/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Brian A. Carpenter
Greenberg Traurig, LLP, 1200 Seventeenth Street, Suite 2400
Denver, CO 80202, (303) 572-6500

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

| | PROOF OF SERVICE | |
|---|---|---|
| SERVED | Date<br>9/27/07 | Place<br>800 W. 47th St., Ste. 401, Kansas City, MO 64112 |
| SERVED ON (PRINT NAME)<br>Kent Erickson | | MANNER OF SERVICE<br>Personal |
| SERVED BY (PRINT NAME)<br>Mike Tomkiewicz | | TITLE<br>PPS |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  9/27/07 @ 3:38pm
          DATE

SIGNATURE OF SERVER

HATFIELD PROCESS SERVICE
(www.hatfieldprocess.com)
ADDRESS OF SERVER 1669 Jefferson
Kansas City, MO 64108

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;
(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

*DEN 96322136v1 9/19/2007*

# EXHIBIT A

## KENT R. ERICKSON SUBPOENA

### I. DEFINITIONS

1. The terms "document" or "documents" as used herein shall be defined to the broadest extent permitted by Rule 34(a)(1), Fed.R.Civ.P., and includes, wherever applicable and without limitation, any recordation of any intelligence or information or communication, whether handwritten, typed, printed, or otherwise reproduced, whether in "hard-copy" form or digital or electronic form, such as electronic mail, further including without limitation, patents, patent applications, letters, correspondence, memoranda, routing slips, telegrams, notes, statements, publications, brochures, reports, compilations, data, notebooks, laboratory notebooks, testing records and/or results, work papers, graphs, charts, specifications, bills of material, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, journals, invoices, shipping papers, packaging, purchase orders, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, press releases, paste ups, agreements, minutes of meetings, meeting requests, instant messages, presentations, magnetic tape, disk or wire, other machine reproducible records including read-only memories (ROMS), films, videotapes and sound reproductions, printout sheets, summaries, transcripts or records or telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, revisions, translations to or from foreign languages, copies and/or mechanical or photographic reproductions or recordations thereof. "Document" or "documents" also includes all non-identical copies, such as those bearing marginal comments, postscripts, changes, amendments, addenda or other notations not present on the original document as initially written, typed or otherwise prepared. The terms "document" or "documents" also refers to any tangible object other than a document as described above, and includes objects of every kind and nature such as, but not limited to, prototypes, models, and specimens.

2. As used herein, the terms "Kent R. Erickson," "you," and "your" refer to yourself, Kent R. Erickson, a person identified as being involved in the prosecution of the '715 Patent.

3. As used herein, the term "Litman" is intended to, and shall embrace and include Litman, McMahon & Brown, LLC, and all of its respective agents, servants, associates, officers, attorneys, employees and representatives, whether formerly, currently or hereafter employed by or representing Litman, McMahon & Brown, LLC, and specifically includes Gerald L. Brigance (deceased).

4. As used herein, the term "Lippert" are intended to, and shall, embrace and include Lippert Components, LLC, the assignee of the '715 Patent (defined below), and further include all employees of Lippert.

5. As used herein, the term "Nebel" refers to Michael W. Nebel, the person identified as the sole-inventor of the '715 Patent.

6. As used herein, the term "LTM Manufacturing" refers to LTM Manufacturing, Inc., a company founded by Nebel and acquired by Lippert, and includes all employees of LTM Manufacturing.

7. As used herein, the term "Drew" refers to Drew Industries, Inc., a company that acquired and wholly owns Lippert, and includes all employees of Drew.

8. As used herein, the term "Brigance" refers to Gerald L. Brigance, now deceased, a person identified as being involved in the prosecution of the '715 Patent.

9. As used herein, the term "Shughart" is intended to, and shall embrace and include Shughart, Thomson & Kilroy, P.C., and all of its respective agents, servants, associates, officers, attorneys, employees and representatives, whether previously, currently or hereafter employed by or representing Shughart, Thomson & Kilroy, P.C.

10. The designation "person" refers to and includes any natural person, or any juristic person (e.g., corporation), or any business entity (e.g., partnership or joint venture) and his, its or their officers, agents and employees.

11. The designation "representative" refers to and includes a person's officers, directors, agents, employees, attorneys, and consultants, as well as other individuals or business entities in the employ of or otherwise acting on behalf of a person.

12. The term "communication" means any exchange or transfer, known to you, of information between two or more persons, whether written, oral or in any other form.

13. The term "'715 Patent" as used herein means U.S. Patent No. 5,791,715 and U.S. Patent Application Serial No. 08/754,872, and any continuations, continuations-in-part, divisionals, reissues, reexaminations, or foreign counterparts thereof.

14. The term "prior art" encompasses, by way of example and without limitations, the subject matter described in each and every subdivision of 35 U.S.C. §§ 102 and 103.

15. The term "Lippert Lawsuit" as used herein means the lawsuit filed by Lippert against Dexter Chassis Group, LLC in the federal district court in Delaware.

## II. INSTRUCTIONS

A. You are requested to produce all documents described below which are in your possession, custody, or control, or otherwise known or available to you for the time period May 1996 through the present.

B. You are requested to produce the responsive documents as they are kept in the usual course of business, or organize and label them to correspond with the document requests to which they are responsive. If there are no documents responsive to a particular document request, you are requested to set forth such information in writing. You are also requested to produce copies of the file folders in which any of the documents produced are kept.

C. If any requested documents cannot be produced in full, produce whatever portion of the document remains and state whatever information, knowledge or belief you have concerning the unproduced portion. If your response is qualified in any particular respect, set forth the details of such qualification.

D. Electronic records and computerized information should be produced in an intelligible format together with a description of the system from which it is derived sufficient to permit rendering the material intelligible.

E. If documents are withheld under a claim of attorney-client privilege, work product immunity, or some other ground of privilege or immunity, each such document shall be identified as follows:

(i) A description of the general type of document, *i.e.*, "letter," "memorandum," "report," "miscellaneous note," etc.;

(ii) The date, and if no date appears thereon, the identification shall so state and shall give the dates or approximate date such document was prepared and communicated;

(iii) The name of the person who signed such document and the name of the person or persons who prepared such document if different from the signers;

(iv) The organization, if any, with which such signer or preparer was then connected;

(v) The identities and addresses of all recipients;

(vi) The identities of all other distributees and their addresses;

(vii) A description of the contents and nature of the document;

(viii) The number of the discovery request to which the document is responsive; and

(ix) A statement of the specific grounds for refusal to produce the document.

## III. DOCUMENTS REQUESTED

1. Any and all documents that refer to, relate to or concern the '715 Patent, including, without limitation, all prosecution file(s), all cited and non-cited prior art, all documents prepared on behalf of or provided to you by (i) Nebel, (ii) Brigance, (iii) Litman, (iv) Lippert, (v) Drew, (vi) LTM Manufacturing, (vii) Shughart, (viii) the U.S. Patent and Trademark Office, or (ix) persons, and all communications and correspondence with (i) Nebel, (ii) Brigance, (iii) Litman, (iv) Lippert, (v) Drew, (vi) LTM Manufacturing, (vii) Shughart, (viii) the U.S. Patent and Trademark Office, or (ix) persons.

2. Any and all documents concerning any U.S. and foreign patent applications and U.S. and foreign issued patents in which Nebel is a named inventor.

3. Any and all documents that concern any search for information or prior art relating to invention(s) claimed in the '715 Patent.

4. Any and all documents that concern any search for information or prior art that was conducted on behalf of, or for the benefit of Lippert, LTM Manufacturing, Drew, or Nebel.

5. Any and all documents provided to you by Lippert, LTM Manufacturing, Drew, or Nebel including, without limitation, all documents relating to the making, selling, manufacturing, fabricating, designing, development, marketing, and/or use, in whole or part, of room extension technology or products that incorporate or otherwise utilize room extension technology.

6. Any and all documents, including, without limitation, the prosecution files, concerning any foreign patent application or registration claiming priority to the application for the '715 Patent.

7. Any and all documents that constitute or concern any opinion by any person or entity regarding or concerning the validity, enforceability and/or infringement of the '715 Patent.

8. Any and all documents that constitute, disclose, and/or summarize prior art or that any person or entity has asserted constitutes prior art as to the '715 Patent.

9. Any and all documents that concern communications, meetings or discussions regarding any room extension technology, including, without limitation, room extension technology designed by Lippert, LTM Manufacturing, Drew, or Nebel.

10. Any and all documents related to the patentability, validity or enforceability of the '715 Patent or any claim thereof, but not limited to, all prior art searches, all opinions, publications and prior art.

11. Any and all documents related to the first publication, first sale, first offer to sell, first public display or first public use of any apparatus, system, technology, or product falling within the scope of the claims of the '715 Patent.

12. Any and all documents relating to the conception, reduction to practice, research, development and refinement of the subject matter of the '715 Patent.

13. Any and all documents relating to the scope or content of the prior art of the '715 Patent, the level of skill in the art, and the differences between the prior art and the inventions claimed in the '715 Patent.

14. Any and all documents that refer, relate or concern Dexter Chassis Group or the Lippert Lawsuit.

15. Billing records showing time spent or billed for work performed relating to the '715 Patent and/or room extension technology, including products that incorporate or otherwise utilize room extension technology, designed by Lippert, LTM Manufacturing, Drew, or Nebel.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of September, 2007, a true and correct copy of this foregoing **RULE 45 SUBPOENA DUCES TECUM FOR KENT R. ERICKSON** was effectuated via First Class United States Mail, postage prepaid:

Thomas C. Grimm
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnel, LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347

Dean A. Monco
Brad R. Bertoglio
Wood Phillips
500 West Madison Street
Suite 3800
Chicago, IL  60661-2562

Signed: _____

Printed Name: DAVID ST. JOHN - LARKIN