# United States District Court
## SOUTHERN DISTRICT OF NEW YORK

LIPPERT COMPONENTS, INC.,

        Plaintiff and Counterclaim-Defendant,

v.

DEXTER CHASSIS GROUP, INC.,

        Defendant and Counterclaim-Plaintiff.

**SUBPOENA IN A CIVIL CASE**

C.A. No. 1:06cv762-JJF
United States District Court
District of Delaware

**TO:** Peter C. Schechter, Esq.
Edwards, Angell, Palmer & Dodge
750 Lexington Avenue
New York, New York 10022
Facsimile: (212) 308-4844

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case. The deposition will be videotaped.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects): See Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Greenberg Traurig, LLP<br>c/o Thomas Ferritter<br>MetLife Building<br>200 Park Avenue<br>New York, NY 10166<br>Telephone: 212-801-9200 | October 23, 2007 at 10:00a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises date and time specified below:

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]   Attorney for Defendant | Oct 5, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Brian A. Carpenter
Greenberg Traurig, LLP, 1200 Seventeenth Street, Suite 2400
Denver, CO 80202, (303) 572-6500

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

|  | Date | Place |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
  DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance;
(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

## PETER C. SCHECHTER SUBPOENA

### I. DEFINITIONS

1.   The terms "document" or "documents" as used herein shall be defined to the broadest extent permitted by Rule 34(a)(1), Fed.R.Civ.P., and includes, wherever applicable and without limitation, any recordation of any intelligence or information or communication, whether handwritten, typed, printed, or otherwise reproduced, whether in "hard-copy" form or digital or electronic form, such as electronic mail, further including without limitation, patents, patent applications, letters, correspondence, memoranda, routing slips, telegrams, notes, statements, publications, brochures, reports, compilations, data, notebooks, laboratory notebooks, testing records and/or results, work papers, graphs, charts, specifications, bills of material, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, journals, invoices, shipping papers, packaging, purchase orders, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, press releases, paste ups, agreements, minutes of meetings, meeting requests, instant messages, presentations, magnetic tape, disk or wire, other machine reproducible records including read-only memories (ROMS), films, videotapes and sound reproductions, printout sheets, summaries, transcripts or records or telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, revisions, translations to or from foreign languages, copies and/or mechanical or photographic reproductions or recordations thereof.  "Document" or "documents" also includes all non-identical copies, such as those bearing marginal comments, postscripts, changes, amendments, addenda or other notations not present on the original document as initially written, typed or otherwise prepared.  The terms

"document" or "documents" also refers to any tangible object other than a document as described above, and includes objects of every kind and nature such as, but not limited to, prototypes, models, and specimens.

2. As used herein, the terms "Peter C. Schechter," "you" and "your" refer to yourself, Peter C. Schechter, a person identified as the custodian of the prosecution file(s) for the '715 Patent (defined below).

3. As used herein, the term "Edwards" is intended to, and shall embrace and include Edwards, Angell, Palmer & Dodge, L.L.P., and all of its respective agents, servants, associates, officers, attorneys, employees and representatives, whether formerly, currently or hereafter employed by or representing Edwards, Angell, Palmer & Dodge, L.L.P.

4. As used herein, the term "Litman" is intended to, and shall embrace and include Litman, McMahon & Brown, L.L.C., and all of its respective agents, servants, associates, officers, attorneys, employees and representatives, whether formerly, currently or hereafter employed by or representing Litman, McMahon & Brown, L.L.C., and specifically includes Gerald L. Brigance (deceased) and Kent R. Erickson.

5. As used herein, the term "Shughart" is intended to, and shall embrace and include Shughart, Thomson & Kilroy, P.C., and all of its respective agents, servants, associates, officers, attorneys, employees and representatives, whether formerly, currently or hereafter employed by or representing Shughart, Thomson & Kilroy, P.C.

6. As used herein, the term "Lippert" is intended to, and shall, embrace and include Lippert Components, L.L.C., the assignee of the '715 Patent (defined below), and all of its respective agents, servants, associates, officers, attorneys, employees and representatives,

whether formerly, currently or hereafter employed by or representing Lippert Components, L.L.C..

7.  As used herein, the term "Nebel" refers to Michael W. Nebel, the person identified as the sole-inventor of the '715 Patent.

8.  As used herein, the term "LTM Manufacturing" is intended to, and shall, embrace and include LTM Manufacturing, Inc., a company founded by Nebel and acquired by Lippert, and includes all of its respective agents, servants, associates, officers, attorneys, employees and representatives, whether formerly, currently or hereafter employed by or representing LTM Manufacturing, Inc.

9.  As used herein, the term "Drew" refers to Drew Industries, Inc., a company that acquired and wholly owns Lippert, and includes all of its respective agents, servants, associates, officers, attorneys, employees and representatives, whether formerly, currently or hereafter employed by or representing Drew Industries, Inc.

10. As used herein, the term "Brigance" refers to Gerald L. Brigance, now deceased, a person identified as a prosecuting attorney of the '715 Patent.

11. As used herein, the term "Erickson" refers to Kent R. Erickson, a person identified as a prosecuting attorney of the '715 Patent.

12. The designation "person" refers to and includes any natural person, or any juristic person (e.g., corporation), or any business entity (e.g., partnership or joint venture) and his, its or their officers, agents and employees.

13. The designation "representative" refers to and includes a person's officers, directors, agents, employees, attorneys, and consultants, as well as other individuals or business entities in the employ of or otherwise acting on behalf of a person.

14.     The term "communication" means any exchange or transfer, known to you, of information between two or more persons, whether written, oral or in any other form.

15.     The term "'715 Patent" as used herein means U.S. Patent No. 5,791,715 and U.S. Patent Application Serial No. 08/754,872, and any continuations, continuations-in-part, divisionals, reissues, reexaminations, or foreign counterparts thereof.

16.     The term "prior art" encompasses, by way of example and without limitations, the subject matter described in each and every subdivision of 35 U.S.C. §§ 102 and 103.

17.     The term "Lippert Lawsuit" as used herein means the lawsuit filed by Lippert against Dexter Chassis Group, LLC in the federal district court in Delaware.

## II. INSTRUCTIONS

A.     You are requested to produce all documents described below which are in your possession, custody, or control, or otherwise known or available to you for the time period May 1996 through the present.

B.     You are requested to produce the responsive documents as they are kept in the usual course of business, or organize and label them to correspond with the document requests to which they are responsive. If there are no documents responsive to a particular document request, you are requested to set forth such information in writing. You are also requested to produce copies of the file folders in which any of the documents produced are kept.

C.     If any requested documents cannot be produced in full, produce whatever portion of the document remains and state whatever information, knowledge or belief you have concerning the unproduced portion. If your response is qualified in any particular respect, set forth the details of such qualification.

      D.     Electronic records and computerized information should be produced in an intelligible format together with a description of the system from which it is derived sufficient to permit rendering the material intelligible.

      E.     If documents are withheld under a claim of attorney-client privilege, work product immunity, or some other ground of privilege or immunity, each such document shall be identified as follows:

      (i)     A description of the general type of document, *i.e.*, "letter," "memorandum," "report," "miscellaneous note," etc.;

      (ii)     The date, and if no date appears thereon, the identification shall so state and shall give the dates or approximate date such document was prepared and communicated;

      (iii)     The name of the person who signed such document and the name of the person or persons who prepared such document if different from the signers;

      (iv)     The organization, if any, with which such signer or preparer was then connected;

      (v)     The identities and addresses of all recipients;

      (vi)     The identities of all other distributees and their addresses;

      (vii)     A description of the contents and nature of the document;

      (viii)     The number of the discovery request to which the document is responsive; and

      (ix)     A statement of the specific grounds for refusal to produce the document.

### III. DOCUMENTS REQUESTED

      1.     Any and all documents that refer to, relate to or concern the '715 Patent, including, without limitation, all prosecution file(s), all cited and non-cited prior art, all

documents prepared by you, on behalf of you, or provided to you by (i) Nebel, (ii) Brigance, (iii) Erickson, (iv) Litman, (v) Shughart, (vi) Edwards, (vii) Lippert, (viii) Drew, (ix) LTM Manufacturing, (x) the U.S. Patent and Trademark Office, or (xi) persons, and all communications and correspondence with (i) Nebel, (ii) Brigance, (iii) Erickson, (iv) Litman, (v) Shughart, (vi) Edwards, (vii) Lippert, (viii) Drew, (ix) LTM Manufacturing, (x) the U.S. Patent and Trademark Office, or (xi) persons.

2. Any and all documents concerning any U.S. and foreign patent applications and U.S. and foreign issued patents in which Nebel is a named inventor.

3. Any and all documents that concern any search for information or prior art relating to invention(s) claimed in the '715 Patent.

4. Any and all documents that concern any search for information or prior art that was conducted on behalf of, or for the benefit of Lippert, LTM Manufacturing, Drew, or Nebel.

5. Any and all documents provided to you by Lippert, LTM Manufacturing, Drew, or Nebel including, without limitation, all documents relating to the making, selling, manufacturing, fabricating, designing, development, marketing, and/or use, in whole or part, of room extension technology or products that incorporate or otherwise utilize room extension technology.

6. Any and all documents, including, without limitation, the prosecution files, concerning any foreign patent application or registration claiming priority to the application for the '715 Patent.

7. Any and all documents that constitute or concern any opinion by any person or entity regarding or concerning the validity, enforceability and/or infringement of the '715 Patent.

8. Any and all documents that constitute, disclose, and/or summarize prior art or that any person or entity has asserted constitutes prior art as to the '715 Patent.

9. Any and all documents that concern communications, meetings or discussions regarding any room extension technology, including, without limitation, room extension technology designed by Lippert, LTM Manufacturing, Drew, or Nebel.

10. Any and all documents related to the patentability, validity or enforceability of the '715 Patent or any claim thereof, but not limited to, all prior art searches, all opinions, publications and prior art.

11. Any and all documents related to the first publication, first sale, first offer to sell, first public display or first public use of any apparatus, system, technology, or product falling within the scope of the claims of the '715 Patent.

12. Any and all documents relating to the conception, reduction to practice, research, development and refinement of the subject matter of the '715 Patent.

13. Any and all documents relating to the scope or content of the prior art of the '715 Patent, the level of skill in the art, and the differences between the prior art and the inventions claimed in the '715 Patent.

14. Any and all documents that refer, relate or concern Dexter Chassis Group or the Lippert Lawsuit.

15. Billing records showing time spent or billed for work performed relating to the '715 Patent and/or room extension technology, including products that incorporate or otherwise utilize room extension technology, designed by Lippert, LTM Manufacturing, Drew, or Nebel.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of October, 2007, a true and correct copy of this foregoing **RULE 45 SUBPOENA DUCES TECUM FOR PETER C SCHECHTER** was effectuated via Federal Express, postage prepaid:

Thomas C. Grimm
Leslie A. Polizoti
Morris, Nichols, Arsht & Tunnel, LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Dean A. Monco
Brad R. Bertoglio
Wood Phillips
500 West Madison Street
Suite 3800
Chicago, IL 60661-2562

Signed: _____

Printed Name: DAVID ST. JOHN-LARKIN

© 1988 JULIUS BLUMBERG, INC.,
PUBLISHER, NYC 10013

|  |  |
|---|---|
| COURT  UNITED STATES DISTRICT COURT | |
| COUNTY OF  SOUTHERN DISTRICT OF NEW YORK | |
| LIPPERT COMPONENTS, INC., | Index No. 1:06CV762-JJF |
| Plaintiff(s) | |
| against | AFFIDAVIT OF SERVICE OF SUBPOENA |
| DEXTER CHASSIS GROUP, INC., | IN A CIVIL CASE, LETTER DATED 10-12-07 |
| Defendant(s) | |

STATE OF NEW YORK, COUNTY OF NEW YORK   SS:   The undersigned, being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides at SUNNYSIDE, NEW YORK

That on  10/15/07  at 12:39 P.M., at 750 LEXINGTON AVENUE, NEW YORK, NEW YORK (12TH FL.)
deponent served the within subpoena on  PETER C. SCHECHTER, ESQ.  witness therein named,
IN A CIVIL CASE, LETTER DATED 10-12-07

**INDIVIDUAL**
1. ☒ by delivering a true copy to said witness personally; deponent knew the person so served to be the witness described in said subpoena.

**CORPORATION**
2. ☐ a _____ corporation, by delivering thereat a true copy to _____ personally, deponent knew said corporation so served to be the corporation witness and knew said individual to be _____ thereof.

**SUITABLE AGE PERSON**
3. ☐ by delivering thereat a true copy to _____ a person of suitable age and discretion. Said premises is witness'—actual place of business—dwelling place—usual place of abode—within the state.

**AFFIXING TO DOOR, ETC.**
4. ☐ by affixing a true copy to the door of said premises, which is witness'—actual place of business—dwelling place—usual place of abode—within the state. Deponent was unable, with due diligence to find witness or a person of suitable age and discretion thereat, having called there

**MAILING TO RESIDENCE** USE WITH 3 OR 4
5A. ☐ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to witness at witness' last known residence, at _____ and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

**MAILING TO BUSINESS** USE WITH 3 OR 4
5B. ☐ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly addressed to witness at witness' actual place of business, at _____ in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the witness.

**DESCRIPTION** USE WITH 1, 2, OR 3 ☒

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ Male | ☒ White Skin | ☒ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☐ Female | ☐ Black Skin | ☐ Brown Hair | ☐ Balding | ☐ 21-35 Yrs. | ☐ 5'0"-5'3" | ☐ 100-130 Lbs. |
| | ☐ Yellow Skin | ☐ Blonde Hair | ☐ Mustache | ☐ 36-50 Yrs. | ☐ 5'4"-5'8" | ☐ 131-160 Lbs. |
| | ☐ Brown Skin | ☒ Gray Hair | ☐ Beard | ☒ 51-65 Yrs. | ☒ 5'9"-6'0" | ☐ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☐ Glasses | ☐ Over 65 Yrs. | ☐ Over 6' | ☒ Over 200 Lbs. |

Other identifying features:

At the time of said service, deponent paid (tendered) in advance $ 100.00   the authorized traveling expenses and one day's witness fee.

Sworn to before me on

10/15/07

JOHN DICANIO
Notary Public, State of New York
No. 01DI4977768
Qualified in Westchester County
Commission Expires Feb. 11, 2011

PRINT NAME BENEATH SIGNATURE
DI CONG JIANG

License No. 1220800